UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**NATHANIEL JOHNSON**
**3204 Whispering Pines Dr.**
**Silver Spring, MD 20906**

    **Plaintiff,**                           Civil Action No.: ------------

v.

**BONOBOS, INC.**
**45 West 25th Street**
**New York, NY 10010**

    **Defendant.**

## COMPLAINT

Plaintiff Nathaniel Johnson, for his complaint against BONOBOS INC. (hereinafter "BONOBOS") respectively avers as follows:

### PARTIES

1. Plaintiff Nathaniel Johnson is a resident of Maryland.

2. Defendant BONOBOS is a business principally based in state of New York.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 1332.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in this judicial district.

5. The events giving rise to the claims in this action occurred in this judicial district.

6. Plaintiffs have exhausted all administrative remedies with the Equal Employment Opportunity Commission and are in possession of a Notice of Right to Sue.

### FACTUAL BACKGROUND

1

7. Bonobos is a subsidiary of Walmart Inc. Walmart Inc. paid and provided Johnson his health and welfare plan and the Walmart 401(k) Plan.

8. Nathaniel Johnson was hired as full-time Lead Guide at Bonobos' location in Bethesda, Maryland. Johnson was paid $24.00 per hour.

9. Johnson was supervised by General Manager Robyn Brobeck.

10. In April 2022, Johnson sought treatment for his stress and anxiety. The stress anxiety induced panic attacks for Johnson. The panic attacks prohibited Johnson from talking and think clearly.

11. Johnson's medical provider provided him a prescription for medical marijuana.

12. In or about April 2022, Johnson applied to the Maryland Medical Cannabis Commission ("MMCC") to obtain medical marijuana. Through MMCC, Johnson obtained a medical cannabis card. Johnsons obtained medical marijuana edibles for stress and anxiety.

13. Between April 2022 to July 2022, Johnson's co-workers, Justine and Layne were aware that Johnson was using medical marijuana for medical purposes.

14. In July 24, 2022, Johnson suffered from a death in his family. Consequently, Johnson called out of work and informed Brobeck that he needed to make funeral arrangements. Johnson was granted a few days off.

15. Unfortunately, the death in Johnson's family caused Johnson's stress and anxiety to increase. Specifically, Johnson began experiencing stress and anxiety.

16. In or around mid-to-late August 2022, Johnson worked alongside two co-workers, Justine and Laynee. Again, both were aware that Johnson used medical marijuana.

17. In mid-to-late August 2022, while working on a shift with Justine and Laynee, Johnson told his co-workers that he was not feeling well. Consequently, towards the end of his shift, he

informed his co-workers that he was "taking his medicine" at the end of his shift, and on his way home.

18. Again, both Justine and Laynee were ware that Johnson was prescribed medical marijuana and that it was considered as his "medicine." Johnson took his edible marijuana and left the store.

19. Just days later, Johnson met with Brobeck and another Assistant General Manager (AGM) for a "touch base" meeting at the store.

20. During the meeting, Brobeck stated that "it was brought to our attention that edibles were being taken and that there was smoking going on." Johnson stated that he was not aware of anyone smoking marijuana at the store. But Johnson also explained that he did inform his co-workers that he was taking "medicine," or medical marijuana. Johnson further explained that he did not take his "medicine," or medical marijuana while working on the clock.

21. Nevertheless, Brobeck and the AGM told Johnson that they would follow up with Johnson later. Johnson finished the remainder of his shift without incident.

22. On or about August 24, 2022, (Johnson's following shift) Johnson met again with Brobeck and the AGM. But this meeting also included a member of human resources team named Latisha.

23. During the meeting, Latisha addressed Johnson's use of medical marijuana. During the meeting, Johnson repeated to the group that he used medical marijuana for his stress and anxiety. Understanding his medical condition, human resources provided Johnson with a medical reasonable accommodation form. Johnson agreed to fill it out. Johnson finished his shift.

24. On August 26, 2022, Johnson sent a recap of the August 24, 2022 meeting via email. Within the email, Johnson reiterated that he takes medical marijuana for medical purposes only.

25. On August 28, 2022, Johnson filed out and returned the human resources reasonable accommodation form. A case number for the request was created by a Walmart representative. Walmart later mailed Johnson a request for reasonable accommodation form to provide to his medical providers.

26. Johnson worked at the Bethesda store from August 26, 2022 to September 7, 2022.

27. On September 7, 2022, Johnson was summoned to a meeting with Brobeck, the AGM, and human resources. During the meeting, human resources informed Johnson that he was terminated.

## CAUSES OF ACTION

### Count 1: Americans with Disabilities Act
*Retaliation*

28. Johnson incorporates every preceding paragraph as alleged above.

29. Johnson was subject to unlawful termination after requesting a reasonable accommodation. Requesting a reasonable accommodation is considered protected activity.

30. WHEREFORE, Johnson prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 2: Americans with Disabilities Act
*Failure to Accommodate*

31. Johnson incorporates every preceding paragraph as alleged above.

32. Johnson was covered by ADA protections or a qualified individual with a disability.

33. Defendant has notice of Johnson's disability.

34. Johnson could perform the essential functions of his job with or without accommodation.

35. Defendant refused to make reasonable accommodations or engage in the interactive process, with a qualified individual with a disability who is an employee.

36. WHEREFORE, Johnson prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## JURY DEMAND

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: January 3, 2023

> By: */s/Ikechukwu Emejuru*
> Ikechukwu Emejuru
> **Emejuru Law L.L.C.**
> 8403 Colesville Road
> Suite 1100
> Silver Spring, MD 20910
> Telephone: (240) 638-2786
> Facsimile: (240)-250-7923
> iemejuru@emejurulaw.com